Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud



# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

### DENVER DIVISION

### 901 19th STREET

### DENVER COLORADO 80294-3589

E-mail: newcases@cod.uscourts.gov

**Civil Action No:** '10 - CV - 02256

---

SAFDR NEIL LILAK

Plaintiff,

v.

**PFIZER CORPORATION, INC.** et el.

Defendant,

a. k. a. **Pfizer Inc, Pharmacia Corporation**

**G.D. Searle LLC** a. k. a. ( f / k / a ) **G.D. Searle & Co**.

a. k. a. "**PFIZER**" **Corporation Inc.**
ADDRESS: PFIZER INC., LEGAL DEPARTMENT,
235 EAST 42nd STREET, USMI- FULFILLMENT CENTER: 685-16-S-2
NEW YPRK NY 10017, USA.  Phone: 212-733-2323, FAX: 646-563-1835.

---

# COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**IN RE:  BEXTRA**

1

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

## HONORABLE COURT:

**COME NOW** the Plaintiff, "Safdar, Lilak" and hereby states its tort litigation complaint of Fraud against the defendant PFIZER CORPORATION INC.,:

**COMES NOW,** Plaintiff and for his complaint against the Defendant PFIZER COMPANY., and according to the statues under Title 42 U.S.C section 1320 and U.S.C section 301-97 and Statutes of CIV PRACT & REM CODE section 41.001 – (2) (5) (6) (7) (8) (9) (11) (a) (b) (12) alleges for tort litigation of fraud as pursuant to laws of Personal injuries liability "res ipsa liquitur" / Strict Product Liability Statutes and principles of law in personal injuries and damages and claims for compensation.

The Plaintiff, Safdar Neil Lilak, 1033 S. Kittredge Way, Aurora, Colorado 80017, Phone: 303-755-1505, E-mail: slilak43@msn.com., respectfully files, This complaint against the Defendants Pfizer Inc., Pharmacia Corporation G.D. Searle LLC et al. Address: PFIZER INC. 235 EAST 42nd STREET, NEW YORK, NY 10017 – USA Phone: 1-212-733-2323.,

### NATURE OF ACTION & BACKGROUND:

The case is of fraud "Strict Product Liability" and "res ipsa liquitur". Plaintiff has been harmed and injured and had suffered tremendous financial loss and other damages due to the negligence of defendant(s). The plaintiff has been disabled due to the ailments caused by defective medicine of "BEXTRA", and experienced multiple incidents of "MI & IS" strokes. During and after his two surgeries to his left Knee and Right shoulder and pains in lower back L3-L5 discs.

The plaintiff has not been able to provide for family of four from last 8-9 years approx., He is educated professional in field of computer technology(s) with BS. Degree (i.e. 5 years Degree from University of NEB) majoring in Computer Sciences, and several years of experiences training and knowledge. He has been damaged and seeking just and fair compensations for his damages & injuries past, present and future to make him "whole"

I want my life back as it was before, the plaintiff has suffered huge sufferings emotional, psychological, stress and depression, has lost his property(s), Savings and career as professional. He is seeking damages of Pecuniary, Non-Pecuniary and special damages, as this court deem, and finds appropriate.

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

## SECTION ONE OF COMPLAINT:

Under the doctrine of "*res ipsa loquitur*": Latin for "the thing speaks for itself" (also known as doctrine of common knowledge), expert witness need not be called to testify in a medical malpractice lawsuit. For "***res ipsa loquitur***" to apply, three conditions must exist:

1. *The act of negligence must obviously be under the control of the defendant* in this case PFIZER Company

2. *Patient must not have contributed to the accident [The claimant was innocent passenger in an auto accident] was prescribed medication of "NSAID" base products of "BEXTRA" for pain management, by four different medical doctors. That is after the accident, during and after the surgeries and in between the surgeries, and in general for pain management during the recovery over prolong period of 24-36 months. Claimant now suffers from Heart problems as consequential damages and going through rehabilitation after IS stroke.*

3. *It must be apparent that patient would not have been injured if reasonable care had been used.*

(In this case situation) *The PFIZER Company did not warn the doctors of the side or adverse affect of the medication of "BEXTRA" which has caused claimant personal injuries of "Gastro Intestinal problem, MI, IS, TF blood clotting disease and other stomach problems and shortening his life span and rendering him disabled"* from last eight-nine years and disabled me for future years of life to come.

***Only if,*** *reasonable care had been used (by the PFIZER INC., who was aware of the side adverse affects and did not care to disclose to public or the doctors.*

The Plaintiff, will show the Court and Jury the following:

### NATURE OF ACTION & BACKGROUND:

1. This is a civil action for damages under Title 42 U.S.C. section 1320 a -7b (b), 21 U.S.C. section 301-97 and Statute of CIV. PRACT & REM. CODE Section 41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12).

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

2.  This case, stems from the Plaintiff ingesting the drug BEXTRA in the year 2002-2005, without the Knowledge, it was a dangerous drug to the plaintiff which was illegally promoted for uses that was not approved by the FDA. Plaintiff found out about the drug the "BEXTRA" in a FDA alert dated 04/07/2005 approximately.

3.  On September 22/23 approx., 2002, plaintiff was involved in an auto accident The Plaintiff was injured in auto accident as guest passenger with friend who was driving the vehicle, were injured, taken to emergency hospital i.e. Swedish Hospital in Denver Colorado.

4.  On 10-2002 thru 04-2005, the plaintiff saw and visited multiple doctors for his injuries from the accident and before and after the surgeries to his left knee and right shoulder, lower back from the said accident the multiple doctors were involved for rehabilitation, surgeries and treatments i.e. Dr. Donald Schenider, Dr. Wayland Douglas, Dr. Robert Fromcheck, Dr. Dear Born, Dr. ED Sullevan and few other doctors after the accident.

Who gave the plaintiff the samples and prescriptions for 'NSAID' Products of "BEXTRA, NEPROSEN, IBPROFFIN, PROXAC, SYMBALTA, PAXIL, AMBIENCE CR etc... mainly for pain management over the time frame of 26-36 months approx., The BEXTRA samples and prescription were given especially for the pains in the knees and before and after the surgeries after the said auto accident. The Doctor told it will help pains in my knees, shoulder, lower back etc.

5.  The "NSAID" products were used and prescribed after the accident over period of 26-36 month over the period for pain management and during the rehabilitation, The NSAID products were used before the surgeries and after the surgery(s) to my left knee and right shoulder for pain management that is when the plaintiff had multiple incidents of "MI & IS".

6.  The Doctors told plaintiff the drugs would make plaintiff feel better for pain. The Plaintiff took the drugs approximately 26-36 months (approx.,) on regular and on need basis days and night for pains as need basis during and after the surgeries. The Plaintiff never had a problem of heart or strokes i.e. "MI or IS" strokes, before he took the medication of BEXTRA, and other NSAID medications..

The Plaintiff was offered very low settlement offer amount [$20K] which was insult to injury(s), later claims/case was dismissed by fraud by the PFIZER defense team against "Pro Se" plaintiff by exploiting the situation and due to under or lack of legal representation and was denied the fairness of justice and law.

7.  The Plaintiff filed a product liability/personal injury case against Pfizer. Plaintiff's case was dismissed on April 23/25th 2010 (approx.,) for false reasons for failure to comply with an PTO order that was written in 2008 [PTO31 old and expired PTO issued in 2008, in MDL 1699 where the facts and evidence was and has been changed since

4

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

then] . The Defense enforcing PTO 6, (12), (13), (14) yet themselves not complying with the PTO of Court order.

**It was proven and by Pfizer's own admission [in September 2, 2009 press conference]** that they paid the doctors, therefore a doctor would be reluctant to be a witness. Furthermore, Pfizer knew that expert witnesses do not work with "pro se" litigants [which I am, and I still provided the expert report which defense ignored].

and proceeded, for sanction on false, frivolous grounds in MDL litigation. Hence defrauded the plaintiff and his claim for settlement and committed fraud on court and assaulted at the dignity of the court system as being the officer of the law.

8. FDA requested that Pfizer voluntarily withdraw BEXTRA from the United States Market. Pfizer agreed to suspend sales on 04/07/05. The Agency concluded that the overall risk versus benefit profile was unfavorable. That conclusion was based on the potential increased risk for serious cardiovascular (CV) adverse events also an increased risk Heart IS strokes by blood clotting and of serious skin reactions.

9. According to the FDA, BEXTRA was described as a drug with Serious, and often life-threatening gastrointestinal bleeding. On those samples that were given to Plaintiff there were no warnings. [Which plaintiff is suffering to date with Gastrointestinal problems, stomach problems, Heart burns and Diarrhea]

10. On April 23, 2010 when my response to Motion of defense was not delivered, The hearing to motion was set again for June 11, 2010 before the re-hearing June 11, 2010 hearing date was vacated and case was close, case was dismissed later without any cause, hearing or reason explained mistakenly or advertently or by clerical error or by the defense counsels and their "SCIENTER" and dishonest practices of law.

**YOURHONOR!**

There was a press release which was seen all over the world.

***"Remarks as prepared for Delivery by Associate Attorney General Tom Perrelli at Pfizer Settlement Press Conference."***

"Good morning and thank you for joining us. I am Tom Perelli, the Associate Attorney

General, and in that role I oversee a large portion of the federal government's civil litigation across the country, including the Justice Department's vigorous efforts in combating health care fraud.

11. "I am honored to stand here today with my dedicated colleagues from within and beyond the Department, to announce a historic settlement with Pfizer Inc., the Pharmaceutical Manufacturer., arising out of civil and criminal allegations relating to Pfizer's allegedly illegal promotion of certain drugs, MOST NOTABLY BEXTRA. In a

5

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

combination of civil and criminal settlements, Pfizer has agreed to pay $2.3 billion – the largest health care fraud settlement ever in the history of the Department of Justice".

12. "Today's landmark settlement is an example of the Department's ongoing and intensive Efforts to protect the American public and recover funds for the federal treasury and the public From those who seek to earn a profit through fraud. It shows one of the many ways in which the Federal government, in partnership with its state and local allies, can help the American people At a time when budgets are tight and health care costs are increasing".

12. [Press conference continues,] "Before, I turn this over to my colleagues, I'd like to highlight three things: First, as our efforts demonstrate, combating health care fraud is one of this Administration's top law enforcement priorities. By all accounts, every year we lose tens of Billions of dollars in Medicare and Medicaid funds to fraud. Those billions represent health care dollars that could be spent on medicine, elder care, or emergency room visits, but instead are spent on medicines or devices that are simply not effective for patients to whom they are prescribed, or the result of illegal kickbacks paid to health care providers to get them to prescribe certain drugs".

13. "When a drug is marketed or promoted for non-authorized, "off-label" uses – any use not Approved by the FDA – as was the case here, public health may be at risk, and there can be a Real danger for patients when medical providers are not provided with accurate and full Disclosure concerning a drug's risks and benefits. Because health care fraud is such a significant Problem for the public and the federal fisc, the Justice Department and HHS recently invigorated Our longstanding partnership in fighting health care fraud, by launching the Health Care Fraud Enforcement Action Team – or HEAT – earlier this year. This working task force is led by key Senior-level leadership in both agencies and has already increased coordination and intelligence Data sharing between the agencies and has secured indictments charging dozens of defendants With health care fraud offenses". [Press conference continue]

14. "Second, today's settlement reflects the Department of Justice working hard to protect American taxpayer dollars. This case is a great example of the Department's commitment to Fiscal accountability, combating fraud, and returning much-needed dollars back to the U.S. Treasury and state treasuries. While most medical or pharmaceutical providers want to do the Right thing, when they do cause false claims to be submitted to government health care programs Like Medicare or Medicaid, for uses that are not covered by those programs, that costs the American taxpayer real dollars".

15. "Enforcement of the False Claims Act is our primary tool on the civil side. In this fiscal year thus Far – before today's settlement – the Department had recovered more than $1.57 billion in Settlements and judgments under the False Claims Act, and, as a direct result of the federal Settlements, an additional $473.25 million had been returned to State Medicaid Programs, for a Total impact of over $2 billion this year. Today's settlement – which includes $1 billion civil Settlement – increases the recoveries under

6

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

the False Claims Act by the Department of Justice in FY 2009 to over $3 billion to federal and state fiscals. And that $3 billion does not include the $1.2 billion criminal fine in this case, that criminal forfeiture of $105 million in this case or the Criminal fines in other cases".

**16.** "Third, this settlement is a testament to the type of broad, coordinated effort among federal Agencies and with our state and local partners that is at the core of the Justice Department's approach to law enforcement. This settlement reflects cooperation and coordination between the Department's Civil Division and the U.S. Attorney's Offices for the District of Massachusetts, the Eastern District of Pennsylvania, and the Eastern District of Kentucky. In fact, I want to specifically acknowledge James Zerhusen, U.S. Attorney for the Eastern District of Kentucky, who is in the audience today for his office's hard work".

**17.** The investigative efforts of many agencies – including the Office of Inspector General For the Department of Health and Human Services, the FBI, the Defense Criminal Investigative Service, the Office of Criminal Investigations for the Food and Drug Administration, the Veterans Administration's Office of Criminal Investigations, the Office of the Inspector General For the Office of Personal Management, the Office of the Inspector General of the U.S. Postal Service, the National Association of Medicaid Fraud Control Units, and state Attorney General Offices – were critical to the successful prosecution of the criminal and civil cases. [ *press conference cont.,*]

From the Attorney General on down, we know that we can do amazing things – like recovering $2.3 billion for the federal treasury – when we partner side-by-side with our sister federal Agencies our state attorney general offices, and the American public. I, and this Department Are deeply committed to working collaboratively with other federal, state, local and tribal Agencies on numerous issues, including, of course, health care fraud.

**18.** There are many people responsible for today's accomplishment, and I would refer You today's press release for the many players involved. In particular, I want to note the critical Commitment of Secretary Sebelius and her entire team at HHS to stopping health care fraud in its tracks – through prevention, deterrence, and strong enforcement. I would like to introduce The Secretary of the Department of Health and Human Services, Ms. Kathleen Sebelius.

**Press Release [Quotes #19 through 34]**

**19.** PFIZER TO PAY Record $2.3 Billion Penalty for Drug Promos, Repeat offender Pfizer paying record $2.3B settlement for illegal drug promotions

The Associated Press ABC NEWS

WASHINGTON September 2, 2009

7

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

20. Federal prosecutors hit Pfizer Inc. with a record-breaking $2.3 billion in fines Wednesday --- And called the world's largest drug maker a repeating corporate cheat for illegal drug promotions that plied DOCTORS with free golf, massages, and resort junkets.

21. Announcing the penalty as a warning to all drug Manufactures, Justice Department officials said the overall settlement is the largest ever paid by a drug company for alleged violations of federal drug rules, and the $1.2 billion criminal fine is the largest ever in any U.S. criminal case.

22. The total includes $1 billion in civil penalties and a $100 million criminal forfeiture. Authorities called Pfizer a repeat offender, noting it is the company's fourth such settlement of government charges in the last decade. The allegations surround the marketing of 13 Different drugs, including big sellers such as Viagra, Zoloft, and Lipitor.

23. As part of its illegal marketing, Pfizer invited DOCTORS to consultant meetings at resort Locations, paying their expenses and providing perks, prosecutors said. "They were entertained with golf, massages, and other activities," said Mike Loucks, the U.S. attorney in Massachusetts.

24. Mr. Loucks said, that even as Pfizer was negotiating deals on past misconduct, they were continuing to violate the very same laws with other drugs. To prevent backsliding this time, Pfizer's conduct will be specially monitored by Health and Human Service Department inspector general for five years.

25. In an unusual twist, the head of the Justice Department, Attorney General Eric Holder, did not participate in the record settlement, because he had represented Pfizer on these issues while in private practice.

26. Associate General Thomas Perrelli said the settlement illustrates ways the Justice Department "can help the American public at a time when budgets are tight and health care costs are rising."

27. Mr. Perrelli announced the settlement terms at a news conference with federal prosecutors and FBI, and Health and Human Services Department officials. The settlement ends an investigation that also resulted in guilty pleas from two former Pfizer Sales managers.

28. Officials said the U.S. industry has paid out more than $11 billion in such settlements over the past decade, but one consumer advocate voiced hope that Wednesday's penalty was so big it would curb the abuses.

29. "There so much money in selling pills, that there's a tremendous temptation to cheat," said Bill Vaughan, an analyst at Consumers Union, the nonprofit publisher of Consumer Reports. "There's a kind of mentality in this sector that (settlements) are the

8

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

cost of doing business and We cheat. This penalty is so huge I think consumers can have some hope that may be these guys will tighten up and run a better ship."

**30.** The government said the company promoted four prescription drugs, including the pain Killer BEXTRA, as treatments for medical conditions different from those the drugs had been approved for by federal regulators. Authorities said Pfizer's salesmen and women created phony doctor requests for medical information in order to send unsolicited information to doctors about un-approved uses and dosages.

**31.** Use of drugs for so-called "off-label" medical conditions is not uncommon, but drug Manufacturers are prohibited from marketing drugs for uses that have not been approved by the FDA. They said the junkets and other company-paid perks were designed to promote the BEXTRA and other drugs, to doctors for unapproved uses and dosages, backed by false and misleading claims about safety and effectiveness. BEXTRA was approved for arthritis, but PFIZER promoted it for acute pain. In 2005, BEXTRA was pulled from the market amid mounting evidence IT RAISED THE RISK OF HEART ATTACK, STROKE AND DEATH.

**32.** A Pfizer subsidiary, Pharmacia and Upjohn Inc., which was required in 2003, has entered an agreement to plead guilty to one count of felony misbranding. The criminal case applied only to BEXTRA.

**33.** The $1 billion in civil penalties was related to BEXTRA and a number of other Medicines Pfizer's top lawyer, Amy Schulman, said the settlements "bring final closure to significant legal matters and help to enhance our focus on what we do best". Schulman said: "we regret certain actions taken in the past". The settlement covered Pfizer's promotions of BEXTRA. The allegations came to light thanks largely to five PFIZER employees and one Pennsylvania DOCTOR who blew the whistle.

**34.** Assistant Director Kevin Perkins praised the whistleblowers who decided to "speak out against a corporate giant that was blatantly violating the law and misleading the public through false marketing claims".

MASS. DOCTOR ACCUSED OF FAKING PAIN PILL DATA.

MASS. DOCTOR CHARGED WITH FAKING RESEARCH.

PFIZER PAID DOCTORS $35 MILLION IN LAST HALF OF 2009.

DUTCH PULL PFIZER VACCINE BATCH AFTER INFANTS DIE.

PFIZER DRUG STUDIES FUDGED, REPORT SAYS.

FDA WANTS YOU TO SNITCH ON ILLEGAL DRUG ADS.

GOVERNMENT HAS NEW TOOLS TO CRACK DOWN ON HEALTH CARE FRAUD.

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

## FDA URGES DOCTORS TO REPORT MISLEADING DRUG ADS.

35. When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud. Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to Accomplish an unlawful purpose or combination to defraud or cause other injury to a person Or property, which results in damage to the person or property of the Plaintiff.

1. Did defendant Pfizer made a material representation to Plaintiff that was false? **YES**

2. Did defendant Pfizer knew that the representation was false? **YES**

3. Did defendant Pfizer intended to induce the Plaintiff to act upon the representation? **YES**

4. Did Plaintiff actually and justifiably relied upon the representation and thereby Suffered injury(s)? **YES**

36. Plaintiff's evidence is legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment Being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong And manifestly unjust.

Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud. Pfizer's drug BEXTRA was defective at the time it left the manufacturer's possession and did caused Plaintiff damages.

37. a. Did Plaintiff, proved that Pfizer violated Plaintiff with respect to its Promotions of BEXTRA? **YES**

   b. Did the violation of plaintiff caused him injuries? **YES**

   c. CALIFORNIA UNFAIR COMPETITION LAW
      Did the Plaintiff, proved that Pfizer engaged in fraudulent business acts or Practices, **YES**

   d. Did the fraudulent business acts or practices cause Plaintiff damages? **YES**

   e. Was the claim barred by the statute of limitations? **NO**

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

### JURY TRIAL DEMAND:

**38.** In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby notify all parties of Plaintiff's demand to a trial by Jury.

**39.** The conduct of Pfizer was allegedly done in conscious disregard of Plaintiff's Rights, and constitutes malice, oppression, fraud and/or despicable conduct, entitling Plaintiff to punitive and all other damages plaintiff is entitled to.

### PRAYER FOR RELIEF

The Plaintiff here by, ask that Defendant be cited to appear and answer and that Plaintiff be awarded judgment against Defendant for:

(a) Exemplary Damages;

(b) Compensatory Damages;

(c) Physiological Damages;

(d) Pre-judgment interest and post-judgment interest at the highest rate

Allow-able under The law;

(e) All other relief in equity or in law to which Plaintiff may be entitled.

DATED: SEPTEMBER 15th, 2010

Respectfully submitted,

By: _____

Safdar Neil Lilak (Pro Se)

1033 S. Kittredge Way,

Aurora, Colorado 80017.

Ph: (303) 755-1505. E-mail: slilak43@msn.com

11

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

# SECTION TWO OF COMPLAINT:

## INTRODUCTORY ALLEGATIONS

1. The Plaintiff is an individual who is a resident and domiciliary of the City of Aurora, County of Arapahoe, state of Colorado. On address: 1033 S. Kittredge Way, Aurora Colorado 80017.

2. The Defendant, PFIZER INC.,LEGAL DEPARTMENT, 235 EAST 42nd STREET, USMI-FULFILLMENT CENTER: 685-16-S-2, NEW YORK, NY 10017 USA., Corporation INC., Doing business or Marketing or selling Medical Products/Medicines in or around of Colorado, Aurora County of Arapahoe, State of Colorado with Corporate address of "PFIZER INC., USA. 235 east 42nd Street, New York, NY 10017 USA.

3. This court has jurisdiction over the subject matter of this action and parties hereto and venue is proper in United States District Court of Colorado, Denver Division as the location of the incident giving rise to this action.

4. Plaintiff was injured in auto accident. He was innocent passenger/guest who was bodily injured and he is totally disabled since 10-2002 as to date 09-2010. Plaintiff has gone through two surgeries for his injuries. That is almost five years of continued pain and suffering and depression. He is alleging for consequential damages by use of BEXTRA, NSAID medicnes which has caused plaintiff Heart strokes and Ischemic-strokes i.e. "MI and IS" strokes .

## FIRST CLAIM FOR RELIEF
(Strict Product Liability & Negligence)

1.1 Plaintiff incorporates herein all allegations contained in paragraph 1 through 4 in the Introductory Allegations.

1.2 The defendant operated business in a reckless, careless negligent manner and did so in such a fashion to cause injuries financial, internal and medical to my physical and emotional well being, thereby causing injuries and damages to the plaintiff.

1.3 As a direct, immediate and proximate result of the Defendant's negligent willful wanton conduct actions and / or omission, the Plaintiff has been damaged and claim for consequential damages caused by BEXTRA.

1.4 As a direct, immediate and proximate result of the Defendant's negligence, willful wanton conduct as stated above and in claim letter(appended

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

at end of this complaint, the Plaintiff has sustained severe injuries which said injuries are of permanent nature and which have caused the plaintiff new injuries on top of his existing injuries which he was recovering from surgeries to his Left Knee and Surgery to his Right Shoulder which just took place, it has exacerbated my injuries and medical related injuries. On top of my lower back L3 and L5 Lumbar Discs and it has worsen the recovery to my Left knee surgery and right shoulder surgery. Future medical care and surgeries and medical care after use of the pain killers has caused the cardiovascular and gastrointestinal, chest pain, stomach irregularity, blood clots and strokes and numbness to his left side of the body and his left arm and shoulder, making the injured permanently disabled. The plaintiff is on total disability as to date since the accident.

**1.5** Which, said injuries are of permanent nature and which has caused the Plaintiff great pain, suffering, discomfort and emotional distress and which is/will continue to cause the Plaintiff great pain, suffering, discomfort and emotional and financial distress.

**1.6** As direct, immediate and approximate result of the Defendant's negligence, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

**1.7** As a direct, immediate and proximate result of the Defendant's negligence, the Plaintiff has lost the ability to enjoy life as he did before these and after the accident causing injuries, has lost time, has suffered impaired earning capacity, economic losses and has lost time from work and has lost pay and salary.

**1.8** All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

A person injured by another's wrong is entitled to general damages for non-pecuniary loss. Non-pecuniary loss (general damages) include a number of elements. Generally these include following sub-heads:

I     **GENERAL DAMAGES IN CASE OF PERSONAL INJURY CASE:**

(i) Damages for mental and physical shock, pain, suffering, already suffered by the Claimant or likely to suffer in future,

(ii) Damages to compensate for the loss of amenities of life which may not be able to walk, run, sit, or, loss of stomach muscle control, disfigurement, sexual intercourse, and loss of other amenities in life;

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

    (iii)    Damages for loss of expectation of life e.g. on account of injury caused by the accident affected the normal longevity of person due to injury caused by the auto accident and probably is going to cause to the person concerned?

    (iv)    Inconvenience, hardship, discomfiture, disappointments, frustration, mental stress in life, dejection and unhappiness in future life.

II    **SPECIAL DAMAGES IN CASE OF PERSONAL INJURY**:

An injured is entitled to special damages for pecuniary loss. Pecuniary loss (special damage) generally include following sub-heads:

    (i)    Expenses incurred or required to be incurred as a result of accident; cost of medical expenses and treatment incurred and to be incurred in future; need of nursing and constant attendance; extra diet, nourishment, etc.

    (ii)    Loss of earning or profit up to the date of trial ;

    (iii)    Loss of earning capacity which may include incapability to earn in future years and also incapability in the labor market, loss of earning on account of termination of service or discontinuance of any trade, business or profession, future pecuniary loss;

    (iv)    Other material loss which may require any special treatment or aid to injured or claimant for the rest of life, loss of or damage to property etc. etc.

Please! Consider the entire above category for the General and Special damages and the punitive damages for hazardous and dangerous product.

**WHEREFORE,** Plaintiff prays for relief all is as more particularly hereinafter set forth.

### SECOND CLAIM FOR RELIEF
(Wanton, Fraud & Bad Faith Conduct, Product Liability,
Punitive damages & Negligence per Se)

**2.1**    Plaintiff incorporates herein all allegations contained in paragraph 1 through 4 in the introductory Allegations and the First Claim for Relief.

**2.2**    Defendant operated Business , violation of laws of our State including, but not limited to,

**2.3**    Revised Statutes specifically set forth in the preceding for Insurance Policy laws and Liability laws and rules for personal injuries were in effect.

14

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

**2.4** A violation of these statutes constitutes negligence per se.

**2.5** As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has been damaged.

**2.6** As a direct/indirect, immediate and proximate result of the Defendant's negligence per se as stated above, the Plaintiff has sustained severe injuries, which injuries are of permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional and financial distress.

**2.7** As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

**2.8** As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has lost ability to enjoy life as he did before the incidents injuries, has lost time, has suffered impaired earning capacity, economic losses, has lost time from work, and has lost pay and salary.

**2.9** All damages to the plaintiff are in past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all is as more particularly hereinafter set forth and deem appropriate according to the situation of the case.

**WHEREFORE**, pursuant to statue rule *§ 13-17-202,* § 10-4-710(2) (a) and § 10-4-706 and Title 42 U.S.C. section 1320 a-7b (b), 21 U.S.C. section 301-97 and Statute of CIV. PRACT & REM CODE Section 41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12). Other legal ground under the rule of laws as deem applicable.

On account of the matters set forth in the First and second Claims for Relief, *Plaintiff* **prays** for a judgment in favor of the Plaintiff, Safdar Lilak and *against* the *Defendant PFIZER CORPORATION INC.,* in an amount which will fully compensate him for his injuries and damages, medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress for loss of the ability to enjoy life as he did before the accidental injuries. Accident which caused permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for attorneys fees, expert witness fees, cost and for such other and further relief as to this Court Settlement[summary judgment] as it deem proper, and appears proper in the premises. pursuant to statue rule *§ 13-17-202,* § 10-4-710(2) (a) and § 10-4-706 and Title 42 U.S.C. section 1320 a-7b (b), 21 U.S.C. section 301-97 and Statute of CIV.

Original Of COMPLAINT Motion
In Re: BEXTRA-CELEBREX
Marketing Fraud

PRACT & REM CODE Section 41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12). Other legal ground under the rule of laws as deem applicable, and <u>Pursuant to rule § 10-4-710(2) (a) and § 10-4-706 pleading is "well grounded in fact" and is warranted by existing or good faith extension.</u>

**PLAINTIFF DEMANDED A TRIAL BY A JURY OF SIX (6) PERSONS.**
Respectfully, submitted this 15th day of _ September 2010.

Safdar N. Lilak (Pro Se)
*Safdar Neil Lilak  9-15-2010*
1033 S. Kittredge way,
Aurora, Colorado 80017.
E-mail: slilak43@msn.com,   Phone: 303-755-1505

16